UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR LIBARDO CUBILLOS RUBIANO, A-246-164-447,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX, et al.,

Respondents.

No.  1:26-cv-03185-DAD-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

In his verified petition for writ of habeas corpus, petitioner alleges that he is a citizen of Columbia who is currently detained by respondents pending immigration removal proceedings. ECF No. 1 ¶¶ 21, 18.  In 2022, he entered the United States and filed an application for asylum. *Id*. ¶ 23.  He was released by the Department of Homeland Security (DHS) and, in 2025, petitioner was placed in DHS's Intensive Supervision Appearance Program (ISAP).  *Id*. Petitioner complied with the supervision requirements of the program.  *Id*.  On March 18, 2026,

1

petitioner was arrested by DHS agents when he arrived at Immigration and Customs Enforcement (ICE) offices for a supervision appointment. *Id*. At the time, the arresting agents informed him the reason for his arrest was his failure to appear at a supervision appointment on March 17, 2026. *Id*. He has remained detained since that date. *Id*. Petitioner has a partner and five-year-old daughter, for whom he is the provider, and his detention has been a source of distress and hardship for them both. *Id*. He was not given notice or opportunity to be heard by a neutral decisionmaker prior to his arrest and, since his arrest, he has not been given a bond hearing nor has a neutral decisionmaker otherwise found that petitioner's present detention is justified because he is a flight risk or danger to the community. *Id*. ¶¶ 20, 29, 34. Respondents have initiated removal proceedings against petitioner, but a final removal order has not issued. *Id*. ¶ 18.

In their answer, respondents do not dispute petitioner's factual allegations. ECF No. 8. They represent that petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(2) as an "applicant for admission" to the United States. *Id*. at 1. Respondents also represent that petitioner was arrested by ICE agents on March 19, 2026. *Id*., Ex. 1. Per the documents submitted by respondents, petitioner was arrested on the administrative charge of violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act, due to petitioner's noncompliance with terms of his supervision, namely, his allegedly having missed check-ins, callbacks, and home visits, in 2024, 2025, and January 2026. *Id*. The documents submitted by respondents indicate that, at the time ICE agents arrested petitioner, they served him with notice that his supervision was being revoked. *Id*.[1]

////

---

[1] The documents submitted by respondents also indicate that petitioner was arrested pursuant to an administrative warrant, I-200, which was also served on petitioner at the time of his arrest, but respondent has not proffered the warrant in support of their answer nor alleged in their pleadings that petitioner's arrest occurred pursuant to a valid administrative warrant. ECF No. 8. Respondents also present evidence that, in 2024, an order of protection was entered against petitioner by the Sacramento Superior Court, but respondents provide no facts concerning the circumstances and reason for the order's issuance, and they do not rely on the fact of this order's issuance in any of their legal arguments. *See id*.

2

In his traverse, petitioner does not dispute respondents' factual representations. ECF No. 9. Petitioner acknowledges that DHS arrested him in March 2026 for asserted failures to comply with the terms of his supervision, but he disputes the underlying assertion that he did, in fact, fail to comply with those terms. *Id*. at 1-3. He further represents that, since his entry into the United States, he has been employed and has been a devoted father to his daughter, for whom he provides the vast majority of financial support. *Id*. at 4-5 & Exs. 1-2.

### B. Procedural Background

Petitioner initiated this action in propria persona on April 27, 2026, ECF No. 1, and, at the same time, moved for appointment of counsel. ECF No. 3. On May 4, 2026, the undersigned granted the motion for appointment of counsel and enjoined respondents from transferring petitioner to a different detention facility while the instant proceeding is pending. ECF No. 6. Counsel for petitioner was appointed on May 12, 2026. ECF No. 7. On May 22, 2026, respondents filed an opposition to the petition, ECF No. 8, and, June 5, 2026, petitioner filed a reply to respondents' answer. ECF No. 9.

### LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

### DISCUSSION

In his petition, petitioner raises a single claim for relief, alleging that his detention without a bond hearing violates his rights to due process under the Fifth Amendment. ECF No. 1 at 16-17. As a remedy, petitioner requests the court order his immediate release or, alternatively, a bond hearing; issue a declaratory judgment that his detention violates his due process right; and award attorney fees and costs. *Id*. at 17. Respondents argue that the petitioner should be denied on the merits because petitioner has no cognizable liberty interest in his release, as his detention is mandated by 8 U.S.C. § 1225(b)(2), and he has received all the process he is due under the

statute.  ECF No. 8 at 1-3.  The undersigned finds that petitioner has demonstrated by a preponderance of evidence that he is entitled to habeas corpus relief because respondents violated his right to due process under the Fifth Amendment by re-detaining him in March 2026 without a bond hearing.  As a remedy, the undersigned recommends respondents be ordered to immediately release petitioner.

### 1.  Governing Legal Standard

The Due Process Clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law.  Noncitizens subject to mandatory detention are not without due process rights.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under § 1225(b)(1)).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest.  *Id*.  At the second step of the analysis, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

### 2.  Petitioner's Liberty Interest

Petitioner has shown that he possesses a significant liberty interest to which his due process rights attach.  *See* ECF No. 1 ¶ 33.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the

4

Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

The undisputed record is that, at the time of petitioner's arrest in March 2026, he had been released on an order of supervision by DHS pursuant to 8 U.S.C. § 1226. ECF No. 8, Ex. 2; ECF No. 9, Ex. 3. Section 1226 "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citation omitted). Section 1226(a) "sets out the default rule," which permits the Attorney General to release on bond or conditional parole a noncitizen who is detained pending removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citing 8 U.S.C. § 1226(a)); *see also Thuraissigiam*, 591 U.S. at 108. Once a noncitizen is conditionally released or paroled under section 1226(a), the statute and regulations guarantee him certain protections before he is re-detained or removed. The Ninth Circuit has summarized,

> Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19. If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the IJ will order his release. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *see also Matter of Barreiros*, 10 I. & N. Dec. 536, 537–38 (B.I.A. 1964). The IJ considers various factors in making this determination, including the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country. *Matter of Guerra*, 24 I. & N. Dec. at 40. The IJ also decides whether bond or other conditions on the alien's release are appropriate. *Id.*; *see* 8 U.S.C. § 1226(a)(2). The detainee may be represented by counsel and can submit evidence in support of his claims. *See* 8 C.F.R. § 1003.19(b); *Matter of Fatahi*, 26 I. & N. Dec. 791, 792 (B.I.A. 2016). He can also appeal an adverse decision to the BIA. *See* 8 C.F.R. § 236.1(d)(3).
>
> On top of this, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). The same procedures apply to this new hearing, and its outcome is also appealable to the BIA. *See generally id.* § 1003.19.

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citation omitted).

Respondents assert that none of these provisions apply to petitioner, notwithstanding his release in 2022 pursuant to section 1226. Per respondents, the Government is required to detain petitioner pursuant to section 1225(b)(2). ECF No. 8. Section 1225(b) reflects a specific

5

"supplement [to] § 1226's detention scheme." *Rodriguez Diaz*, 53 F.4th at 1197. It "applies primarily to [noncitizens] seeking entry into the United States ('applicants for admission' in the language of the statute)." *Jennings*, 583 U.S. at 297; *see* 8 U.S.C. § 1225(b) ("Inspection of applicants for admission"). Under this section, an "applicant for admission" is defined as "[a] ... [noncitizen] present in the United States who has not been admitted or who arrives in the United States[.]" 8 U.S.C. § 1225(a)(1); *see Jennings*, 583 U.S. at 287. Under section 1225(b)(2)(A), ICE is required to detain certain aliens "if the examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Rodriguez Diaz*, 53 F.4th at 1197.

Respondent's position is unpersuasive. As numerous courts have held, section 1225(b) cannot apply to those noncitizens who are already present in the United States and who had previously been released under section 1226(a). *See generally Menjivar Sanchez v. Wofford*, No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3-7 (E.D. Cal. Oct. 17, 2025) (collecting cases); *see also Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1258-61 (W.D. Wash. 2025); *Reyes v. Larose, et al.*, No. 25-CV-2938 JLS (VET), 2025 WL 3171743, at *5 (S.D. Cal. Nov. 13, 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4-9 (E.D. Cal. Sept. 23, 2025): *Salvador v. Bondi*, No. 2:25-CV-07946-MRA-MAA, 2025 WL 2995055, at *7 (C.D. Cal. Sept. 2, 2025); *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *5-7 (D. Mass. July 7, 2025). Respondents fail to show that § 1225(b) properly applies to petitioner as a matter of statutory construction, and thus that it has abrogated petitioner's liberty interest as a matter of due process.

Moreover, even if § 1225(b) could be interpreted to properly apply to petitioner, petitioner nevertheless acquired a liberty interest, cognizable under the due process clause, by having been previously released on an order of supervision pursuant to § 1226(a). As the court has explained in a similar case, "'[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release.'" *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL

6

3251083, at *3 (E.D. Cal. Nov. 21, 2025) (quoting *Calderon v. Kaiser*, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025), and *Morrissey v. Brewer*, 408 U.S. 471, 482 (1971)); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 934 (N.D. Cal. 2025).  Here, by releasing petitioner under § 1226(a), respondents engendered in petitioner an expectation that he would only be redetained under the terms of that statutory section.  *See Valencia Zapata*, 801 F. Supp. 3d at 934; *Cajina*, 2025 WL 3251083, at *3; *Polo v. Chestnut*, No. 1:25-cv-01342-JLT-HBK, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *6–7 (N.D. Cal. Sept. 12, 2025).  On this alternative basis, petitioner has shown he has a cognizable liberty interest in remaining free from detention.

### 3.  *Mathews* Factors

Petitioner having shown he possesses a liberty interest in his freedom from detention, the court then considers what process is due under *Mathews,* 424 U.S. at 335.  Here, petitioner has demonstrated that he has a substantial interest in his freedom from detention, relative to the first factor.  Since petitioner's entry to the United States, he has developed "enduring attachments of normal life," including familial connections and employment, legally indistinguishable from those experienced by a criminal parolee.  *See* ECF No. 1 ¶ 23; *see also* ECF No. 9 at 4-5 & Exs. 1-2; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor.  Detention under 8 U.S.C. § 1226 is only justified when an alien poses a flight risk or a danger to the community.  *See Zadvydas*, 533 U.S. at 690.  As such, due process requires that petitioner be given an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is justified.  *See Demore*, 538 U.S. 510.  Although respondents represent that petitioner has violated the terms of his supervision and that an order of protection was entered against him by the Superior Court for the County of Sacramento, respondents do not dispute that petitioner has not been found a danger to the community or a flight risk pursuant to § 1226 and its regulations; indeed, respondent represents that petitioner is not detained under this

section at all, but rather is mandatorily detained under § 1225(b). *See* ECF No. 8. To the extent respondents' representations suggest that petitioner's detention is justified under § 1226(a), petitioner disputes the facts on which respondents rely and disputes that the facts demonstrate he violated the terms of his supervision or that he should be detained for any other reason. ECF No. 9. This dispute demonstrates the great probative value of a determination of petitioner's bond-worthiness based on individualized facts by a neutral factfinder. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4. Correspondingly, the record also demonstrates that, without a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Selis Tinoco*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the Due Process Clause of the Fifth Amendment, entitling him to habeas corpus relief. In light of the particular deprivation that petitioner has suffered, the appropriate remedy is

petitioner's immediate release under his previous terms of supervision. *See*, *e.g.*, *Kachur v. Chestnut*, No. 1:26-CV-03362-DAD-JDP (HC), 2026 WL 1229009, at *2 (E.D. Cal. May 5, 2026); *Ali v. Warden*, No. 1:26-CV-02977-DAD-CSK (HC), 2026 WL 1192377, at *1 (E.D. Cal. May 1, 2026); *Cajina v. Wofford*, 2025 WL 3251083, at *6; *Perez v. Albarran*, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578, at *5 (E.D. Cal. Nov. 14, 2025).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

   a) Respondents be ORDERED to immediately release petitioner Hector Libardo Cubillos Rubiano (A-246-164-447) from respondents' custody on the conditions, if any, he was subject to prior to his detention on March 19, 2026;

   b) Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2) Petitioner's request for attorney fees and costs be denied without prejudice to bringing a properly noticed and supported motion;

3) The Clerk of the Court be directed to serve a copy of this order on the Central Valley Annex; and

4) The Clerk of the Court be directed to enter judgment in favor of petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 29, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE