UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR LIBARDO CUBILLOS RUBIANO,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-03185-DAD-EFB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 10)

Petitioner Hector Libardo Cubillos Rubiano is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 29, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 10.) Specifically, the magistrate judge found that petitioner previously encountered immigration authorities, was released by those authorities, and that petitioner was re-detained without a pre-deprivation hearing. (*Id.* at 3–4.) The magistrate judge concluded that this re-detention violated petitioner's due process rights. (*Id.* at 4–9.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 9.) On July 6, 2026, respondents filed

their objections, in which they object only to the recommended scope of relief and request that the court order that petitioner may be detained without a pre-deprivation hearing "in the event that the immigration court issues a final order of removal[.]" (Doc. No. 11 at 1.) Respondents argue that it is appropriate to provide this clarification based on a hypothetical circumstance because "the recommended injunctive relief . . . declares rights of the Petitioner that apply in a hypothetical circumstance, presuming the existence of a final order of removal that does not yet exist and is not assured to come into existence." (Doc. No. 11 at 6.) However, respondents' proposed language explicitly is premised on the possibility of a final order of removal that does not yet exist and is not assured to come into existence. (*Id.* at 1–2.) As the undersigned has previously explained, respondents' proposed language would require this court resolving an issue involving contingent future events and, accordingly, the court finds that it is premature to the language requested by respondent. *Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1697065, at *1 (E.D. Cal. June 11, 2026) (declining to modify injunction where the respondents requested language to permit re-detention in the event that the petitioner was given a final removal order because such a clarification was premature).

Nevertheless, the court clarifies that this order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal, because the reasoning in this order is instead predicated on the due process that petitioner is entitled to regarding pre-removal detention. Should respondents believe that further clarification is required in the event that petitioner is the subject of a final order of removal, then respondents may file a motion to clarify at that time.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons explained above,

1. The findings and recommendations issued on June 29, 2026 (Doc. No. 10) are ADOPTED IN FULL;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondents are ORDERED to immediately release petitioner Hector Libardo Cubillos Rubiano, A-File No. 246-164-447, on the conditions, if any, he was subject to prior to his detention on March 19, 2026;

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

c. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to bringing a properly-noticed and supported motion;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE